Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000332
05-JUN-2014
08:26 AM

NO. CAAP-11-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MR. NARCISO H. YU, JR., Plaintiff-Appellant, v. MR. JEFF
DERDEVANIS, Defendant-Appellee; MR. RADOLPO PACLIB,
MR. JENSEN H. FUJIWARA, and MR. DARREN MONDEN, Defendants;
and REYNOLD MASATOSHI HIRAZUMI, Intervenor-Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0061)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Narciso H. Yu, Jr. (Yu) appeals, pro se, from a April 27, 2011 Circuit Court of the First Circuit (Circuit Court) "Final Judgment as Between Plaintiff and Defendant Derdevanis" granting Defendant-Appellee Jeff Derdevanis's (Derdevanis) Motion for Summary Judgment (MSJ).[1]

On appeal, Yu maintains that the Circuit Court lacked jurisdiction, the MSJ hearing was procedurally deficient, the Circuit Court erred in granting Derdevanis's MSJ, the Circuit Court erred in other rulings, and cumulative errors require reversal.

After reviewing the issues raised and arguments made by the parties, the record on appeal, and the applicable legal authority, we resolve Yu's issues as follows and affirm.

Yu argues that the Circuit Court lacked jurisdiction to decide the MSJ because no return of service for his complaint was

---

[1] The Honorable Rom A. Trader presided.

filed with the District Court. Yu appears to argue that because he failed to file a return of service, this case was not placed on the District Court's calendar, and therefore Derdevanis "could not proceed" with the case. However, Yu cites no authority for this proposition and we know of none. Moreover, it appears that Derdevanis was served with the complaint as he did not challenge service and filed counterclaims in District Court. Yu's argument that the District Court, and therefore the Circuit Court had no jurisdiction is without merit.[2]

Yu argues that the MSJ proceeding was procedurally deficient because: (1) the other defendants[3] did not appear at the MSJ hearing, (2) Derdevanis did not appear at an answer calendar proceeding, and (3) Derdevanis committed fraud to place his MSJ hearing on the Circuit Court's calendar. We conclude Yu's arguments are without merit. Yu fails to provide any authority for his position that the other defendants were required to attend Derdevanis's MSJ hearing, or that Derdevanis was required to personally appear at any "hearing to answer" the complaint and does not specify what fraud he claims Derdevanis employed to bring the case before the Circuit Court.

Derdevanis was entitled to summary judgment as he showed that Yu could not establish "all essential elements on which []he bears the burden of proof at trial." Thomas v. Kidani, 126 Hawai'i 125, 130, 267 P.3d 1230, 1235 (2011). Reviewing the entire record and viewing the evidence in the light most favorable to Yu, Costa v. Able Distribs., Inc., 3 Haw. App. 486, 488, 653 P.2d 101, 104 (1982), we conclude that Yu failed to respond to Derdevanis's properly presented motion by presenting

---

[2]     As Yu makes the same arguments in support of his claim the Circuit Court erred in granting Derdevanis's motion to dismiss counterclaims, we need not consider the point further.

[3]     Radolpo Paclib, Jensen H. Fujiwara and Darren Monden were also named as defendants but did not join in Derdevanis's motion for summary judgment and are not parties to this appeal. Similarly, Intervenor-Defendant Reynold Masatoshi Hirazumi (Hirazumi) did not join in the motion nor is he party to this appeal.

specific evidence showing the existence of genuine issues of material fact.

Derdevanis presented his own declaration and that of the property co-owner, Hirazumi, establishing that he rented the apartment from, and paid the rents due for August and September 2010, the period alleged in Yu's complaint, to Hirazumi, who was responsible for renovations to the property and had collected rents. Derdevanis also declared that he was never told to pay the rent to anyone else, and when Hirazumi, prior to August 2010, introduced Yu as a co-owner with Hirazumi, Yu did not disagree with the representation, nor did he ever ask Derdevanis to pay rent to him.

Yu failed to present any admissible evidence to controvert Derdevanis's evidence, and mere allegations that Derdevanis's evidence is not credible, without more, is insufficient to create a genuine issue of material fact. Costa, 3 Haw. App. at 489, 653 P.2d at 104 ("[W]e are inclined to follow those cases which hold that a party opposing the motion for summary judgment must be able to point to some facts which refute the proof of the movant in some material portion and not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof.") (some internal quotation marks omitted).[4]

Therefore, the April 27, 2011 Judgment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 5, 2014.

On the briefs:

Narciso H. Yu, Jr.,
Plaintiff-Appellant, pro se.

Charles S. Lotsof,
for Defendant-Appellee.

*Craig H. Nakamura*
Chief Judge

*Alexa D. M. Fujise*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge

---

[4] As we conclude Yu's arguments are without merit, we need not consider whether their cumulative effect warrants relief.

3